**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4638

EDWARD JAMES DOYLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-53)

Submitted: January 22, 1998

Decided: February 6, 1998

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assis-
tant Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Robert M.
Hamilton, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward James Doyle pled guilty to participating in a conspiracy to manufacture marijuana, 21 U.S.C. § 846 (1994), and was sentenced to serve twelve months and one day in prison. Doyle appeals his sentence, alleging that the district court clearly erred in finding that he had more than a minor role in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2(b) (1995). We affirm.

The indictment charged a conspiracy beginning in 1991. Doyle was hired in March 1992 to build a "grow house" in Stokes County, North Carolina, for co-defendants Bobby Mac Berry and Thomas Andrew Schaefer, who had been growing and selling marijuana together since the mid-1980's. At least five men besides Doyle were involved with Berry and Schaefer's marijuana activities during the period of the charged conspiracy. After his arrest in November 1996 and subsequent guilty plea, Doyle claimed that he did not know that the Stokes County structure was for marijuana growing when he began working on it. However, according to information contained in the presentence report, when Berry and Schaefer discontinued use of the location a few months later, Doyle delivered marijuana plants to Schaefer so that the plants could be transferred to another place.

In the spring of 1993, Doyle helped Berry and Schaefer construct another grow house on Bushy Cook Road in Orange County, North Carolina. Again, Doyle claimed in his interview with the probation officer that he did not know the purpose for the building until it was completed. In July 1994, Berry and Schaefer hired Doyle to tend and water the marijuana plants grown on Bushy Cook Road. Doyle performed this task for over a year, and was paid $300 to $350 per week. In addition, the power and telephone service at the Bushy Cook site were billed to Doyle. In late 1994, Doyle was paid to clear land for another growing operation in Person County, a location which was never used.

2

Federal and state drug enforcement agents conducted a search at the Bushy Cook Road property in November 1995. They seized 163 marijuana plants and a pound of loose cannabis. Only this amount of marijuana was used to calculate Doyle's guideline range.

At sentencing, Doyle argued that he was less culpable than his co-defendants in the entire scheme, as evidenced by the fact that he earned much less money from it than did Berry and Schaefer and was simply a hired hand. The district court disagreed, finding that Doyle's contribution had been considerable. On appeal, Doyle contends correctly that his role must be determined on the basis of relevant conduct, i.e., his position within the conspiracy. See USSG § 1B1.3(a); see also United States v. Fells, 920 F.2d 1179, 1184 (4th Cir. 1990). However, because Doyle was paid to perform a variety of tasks which materially advanced the marijuana operation and persisted in assisting Berry and Schaefer over a period of more than two years, we cannot say that the district court clearly erred in finding that he had more than a minor role.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3